UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
GWENDOLYN BAILEY,                       )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )   Civil Action No. 08-129  (RBW)
                                        )
JENICA DEGREE,                          )
                                        )
            Defendant.                  )
_____)

**ORDER TO SHOW CAUSE**

Gwendolyn Bailey, the plaintiff in this civil lawsuit representing herself pro se, seeks "out of pocket cost[s]" as well as damages for "estimated future loss of income, medical bills, cost of care[,] and pain and suffering" that are the alleged "results of the [d]efendant operating her vehicle in a negligent manner." Complaint at 2. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specific time." The plaintiff filed her complaint on January 18, 2008, giving rise to a service deadline of May 19, 2008. That deadline has long since passed, yet there is no indication in the Court's docket that the defendant has been served with the plaintiff's complaint and the Court's summons in the manner required by Rule 4.

The lack of any proof of service is not the only apparent defect in the plaintiff's complaint. Like every other federal court, this Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Abu Ali v. Gonzalez, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (internal quotation and citation omitted). Given the nature of the

plaintiff's claims, the only possible basis for the Court to have subject-matter jurisdiction in this case is 28 U.S.C. § 1332, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The plaintiff, however, does not allege that the parties in this case are "citizens of different States," or that her damages exceed $75,000. In other words, she has not alleged the facts necessary for the Court to conclude that it has subject-matter jurisdiction in this case.

The Court will therefore direct the plaintiff to show cause in writing within thirty days of the entry of this order why the Court should not dismiss her complaint without prejudice (1) for lack of proper service of process on the defendant and (2) for lack of subject-matter jurisdiction. Alternatively, the Court will vacate its order with respect to the issue of service of process if the plaintiff files proof of service of process in the manner required by Rule 4 within the thirty day period set forth above. The Court will also vacate its order with respect to the issue of subject-matter jurisdiction if the plaintiff files an amended complaint alleging—in good faith; i.e., based on some factual predicate—that the defendant is a citizen of a different State than the plaintiff and that the amount in controversy in this case exceeds $75,000.

Finally, the Court recognizes that the plaintiff, who is representing herself pro se, may not be familiar with the legal principles and procedural rules delineated above, and might benefit from the appointment of pro bono counsel to assist her. Pursuant to this Court's local rules, the Court cannot direct the Clerk of the Court to appoint pro bono counsel unless and until the plaintiff has been granted leave to proceed in forma pauperis before the Court. See Local Civ. R. 83.11(b)(3) (permitting appointment of pro bono counsel only "[w]hen leave has been granted . . . for a pro se litigant to proceed in forma pauperis"). To qualify for in forma pauperis

status, the plaintiff will need to "submit[] an affidavit that includes a statement of all assets [she] possesses [and] that [states that she] is unable to pay [the filing] fees [required by this Court] or give security therefore." 28 U.S.C. § 1915(a) (2000). The plaintiff can satisfy this statutory requirement by filing an affidavit with the Court that satisfies the criteria of § 1915(a) or by filing a completed version of the Official Form for seeking in forma pauperis relief developed by the Administrative Office of the United States Courts.[1]

If the plaintiff, after reviewing the criteria to proceed in forma pauperis, believes that she satisfies these criteria and desires the appointment of pro bono counsel, she may file a motion requesting the appointment of such counsel along with an application to proceed in forma pauperis. If the plaintiff files such a motion and application within twenty days of the entry of this order and the Court concludes that the motion has merit, it will stay its order to show cause pending the appointment of pro bono counsel.

Accordingly, it is

**ORDERED** that on or before September 4, 2008, the plaintiff shall show cause in writing why the Court should not dismiss her complaint without prejudice (1) for lack of service of process in accordance with the provisions of Federal Rule of Civil Procedure 4 and (2) for lack of subject-matter jurisdiction. It is further

**ORDERED** that if the plaintiff seeks the appointment of pro bono counsel prior to the Court's consideration of any response by the plaintiff to the Court's order to show cause, the plaintiff shall file her motion to appoint pro bono counsel and separate application to proceed in forma pauperis on or before August 25, 2008.

---

[1] For the convenience of the plaintiff, a copy of this Official Form is attached to this order. In addition, copies of the Official Form are available at the Court's website at http://www.dcd.uscourts.gov/AO-240.pdf.

3

**SO ORDERED** this 5th day of August, 2008.

                                        REGGIE B. WALTON
                                        United States District Judge

4

✎AO 240  (Rev. 10/03)

# UNITED STATES DISTRICT COURT

**District of** COLUMBIA

|                          |                              |
|--------------------------|------------------------------|
| Plaintiff                | **APPLICATION TO PROCEED**   |
|                          | **WITHOUT PREPAYMENT OF**    |
| V.                       | **FEES AND AFFIDAVIT**       |
|                          |                              |
|                          | CASE NUMBER:                 |
| Defendant                |                              |

I, _____ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant         ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?          ☐ Yes          ☐ No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration _____

    Are you employed at the institution? _____  Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?          ☐ Yes          ☐ No

    a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.  (List both gross and net salary.)

    b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

    a. Business, profession or other self-employment          ☐ Yes          ☐ No
    b. Rent payments, interest or dividends                   ☐ Yes          ☐ No
    c. Pensions, annuities or life insurance payments         ☐ Yes          ☐ No
    d. Disability or workers compensation payments            ☐ Yes          ☐ No
    e. Gifts or inheritances                                  ☐ Yes          ☐ No
    f. Any other sources                                      ☐ Yes          ☐ No

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

4. Do you have **any** cash or checking or savings accounts?    ☐ Yes    ☐ No

   If "Yes," state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?    ☐ Yes    ☐ No

   If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

I declare under penalty of perjury that the above information is true and correct.

_____    _____
Date                                                          Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.